**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Melcher, Cynthia Salcido, and Jenny Torres,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>City of San Luis, Arizona, et al.,<br><br>　　　　Defendants. | No. CV-06-1235 PHX-DGC<br><br><br>**ORDER** |

Plaintiffs have filed a motion to compel Council Member Defendants to answer deposition questions about their motives for terminating Plaintiffs' employment with Defendant City of San Luis. Dkt. #68. Defendants assert a testimonial privilege related to the doctrine of absolute legislative immunity. Dkt. #67.

Legislative immunity attaches to actions that public officials take in their legislative capacities, but not to actions taken in an administrative or executive capacity. *Bechard v. Rappold*, 287 F.3d 827, 829 (9th Cir. 2002). To determine whether an act is legislative, a court must look at four factors: (1) whether the act involves ad hoc decisionmaking, or the formulation of policy; (2) whether the act applies to a few individuals or to the public at large; (3) whether the act is formally legislative in character; and (4) whether the act bears the hallmarks of traditional legislation. *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003).

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). The Council Member Defendants' motives are therefore not relevant in determining whether they are entitled to legislative immunity.

Their motives may be relevant, however, in determining whether Defendant City of San Luis is subject to liability. Municipalities may be held liable for unconstitutional legislation even when the legislators themselves are entitled to absolute immunity. *See Bogan*, 523 U.S. at 53. Courts have held that in determining whether a municipality is liable under 42 U.S.C. § 1983 for enacting unconstitutional legislation, as alleged in this case, legislators' motives are relevant. *See, e.g.*, *Scott-Harris v. City of Fall River*, 134 F.3d 427, 436 (1st Cir. 1997) (citing *United States v. City of Birmingham*, 727 F.2d 560, 564-65 (6th Cir.), *cert. denied*, 469 U.S. 821; *Smith v. Town of Clarkton*, 682 F.2d 1055, 1064-65 (4th Cir. 1982)), *rev'd on other grounds*, *Bogan*, 523 U.S. at 56. Because the motives of the Council Member Defendants will be relevant to a resolution of the claim against the City even if the Council Members ultimately are dismissed on grounds of legislative immunity, the Court will permit Plaintiff to inquire into their motives in deposition.

**IT IS ORDERED** that Plaintiffs' motion to compel (Dkt. #68) is **granted**.

DATED this 24th day of August, 2007.

_David G. Campbell_
United States District Judge