**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Paul Melcher, Cynthia Salcido, and Jenny Torres, | No. CV-06-1235 PHX-DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| City of San Luis, Arizona, et al., | |
| Defendants. | |

Defendants have filed a motion for attorneys' fees under 42 U.S.C. § 1988, 28 U.S.C. § 1927, and the Court's inherent power to sanction litigants. For the reasons that follow, the Court will deny the motion.[*]

**I.  Applicable Law.**

Fees may be awarded under 42 U.S.C. § 1988 only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22.

---

[*] Plaintiffs' request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78; *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  "Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 1999). Sanctions may be imposed only if there has been a determination of bad faith. *Id.* at 1118.

The Court may impose attorneys' fees as a sanction under its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

## II. Defendants' Request and Plaintiffs' Claims.

Defendants prevailed on summary judgment and on appeal. They now contend that four of Plaintiffs' eight claims were frivolous and brought in bad faith.

Defendants first contend that Plaintiffs' claims against the individual Defendants were frivolous. Although the Court ultimately decided that the individuals were protected by legislative immunity, that decision turned on an examination of the specific facts of this case and a determination that the disputed act of the City Council was legislative in nature. *See Melcher v. City of San Luis*, 2008 WL 691853, at *3-4 (D. Ariz. Mar. 12, 2008). Plaintiffs maintained that the Council's action was administrative, not legislative, and that immunity therefore did not attach. The Court disagreed with this assertion, but cannot conclude that the assertion was frivolous or made in bad faith.

Defendants next contend that Plaintiffs' conspiracy claim was frivolous. Plaintiffs voluntarily moved to dismiss that claim before the Court ruled on Defendants' motion for summary judgment. Dkt. ##118, 120. Although the dismissal occurred after discovery had been completed and Defendants had filed their motion, Defendants are not able to identify the amount of time or attorneys' fees devoted to this claim. Given that Plaintiffs voluntarily dismissed the claim before summary judgment, the Court concludes that an award of attorneys' fees is not warranted.

Defendants next contend that Plaintiffs' due process liberty claim was frivolous. Defendants devoted a total of two paragraphs of their summary judgment motion to this claim. Dkt. #104 at 13-14. As with the conspiracy claim, Defendants are not able to identify

- 2 -

1 the amount of time or attorneys' fees devoted to the claim. The Court ultimately eliminated the claim by summary judgment, but cannot conclude that its assertion through the summary judgment phase of the case was so egregious as to warrant an award of attorneys' fees, particularly when it appears to have been a minor issue and Defendants cannot specify the fees incurred in defeating it.

Defendants also contend that Plaintiffs' due process property claim was frivolous. But whether or not Plaintiffs were entitled to procedural due process for the elimination of their city jobs turned on whether the City Council's action was administrative or legislative. As noted above, that issue was litigated in the case. The Court cannot conclude that an award of attorneys' fees should be based on this claim.

Defendants seek almost $115,000 in attorneys' fees against Plaintiffs individually and their counsel. To arrive at this amount, Defendants divide their total attorneys' fees of $228,409.30 by the eight claims in this case, arriving at a per-claim amount of $28,551.16. Defendants then multiply this amount by the four claims they allege to be frivolous, arriving at a requested award of $114,204.65. Treating all claims equally, however, clearly is not appropriate. As noted above, Defendants devoted only two paragraphs of their 17-page motion for summary judgment to Plaintiffs' liberty claim. They devoted three paragraphs to the property claim and three paragraphs to the conspiracy claim. *See* Dkt. #104 at 13-17. The Court cannot conclude that these were substantial aspects of the case, and the remaining claim at issue in this motion – the liability of individual Defendants – was significantly litigated.

### III. Plaintiffs' Financial Condition.

The Court must also consider the financial resources of Plaintiffs. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987). Plaintiff Salcido is a widow with four children, three of whom are minors, and is employed at $14.00 per hour. Plaintiff Torres is a single mother with sole custody of her son, in the process of purchasing a home with her mother, and earns $43,200 annually. Plaintiff Paul Melcher is a single parent with a teenage son, is purchasing a home, and makes about $70,000 per year.

1     Defendants argue that the three Plaintiffs' collectively earn $143,000 per year, but this is hardly a basis on which to conclude that they can afford a significant attorneys' fees award. That combined amount supports three families headed by three single parents. Any imposition of attorneys' fees in this case would likely pose a significant financial hardship on Plaintiffs.

**IV.    Conclusion.**

For the reasons set forth above, the Court cannot conclude that Plaintiffs acted in bad faith or that they could afford any meaningful attorneys' fees award. Thus, even though the Court understands that San Luis is a small city that can ill afford to defend against costly litigation, it concludes that an award of attorneys' fees as a sanction against Plaintiffs or their counsel is not warranted in this case.

**IT IS ORDERED** that Defendants' motion for attorneys' fees (Dkt. #140) is **denied**

DATED this 12th day of March, 2010.

*[signature: David G. Campbell]*
David G. Campbell
United States District Judge